Bridget B. Hirsch (SBN 257015)
**BYRNES HIRSCH P.C.**
bridget@byrneshirsch.com
2272 Colorado Blvd., #1152
Los Angeles, CA 90041
(323) 387-3413

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| PASCAL LANGUIRAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>W CHAPPELL MUSIC CORP., a California corporation doing business as WB Music Corp.; UNIDISC MUSIC INC., a Canadian corporation doing business as Unitunes Music; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-05725<br><br>**COMPLAINT FOR COPYRIGHT INFRINGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PASCAL LANGUIRAND alleges as follows:

# I

# NATURE OF THE ACTION

1. This is an action brought by Pascal Languirand against W Chappell Music Corp. and Unidisc Music Inc. for willful copyright infringement. Languirand is the founding member of the synth-pop musical group Trans-X, formed in his native Quebec, Canada in 1982. This action is brought upon the grounds that defendants, without any viable or tenable legal grounds for doing so, have stubbornly and willfully refused to comply with Languirand's Notice of Termination duly served pursuant to § 203 of the Copyright Act.

2. Since the first Copyright Act was enacted in 1790, that Act and the several successive copyright statutes have always had a feature which allows a second chance for authors (or their heirs) to reclaim copyrights from unwise grants made by authors early on in their careers, close to the creation of the works. While the particular features of those laws, and the length of the terms and statutory scheme of the terminations involved, have changed and evolved, the strong "second chance" concept has remained. In fact, the very first act, the Copyright Act of 1790, borrowed that concept from the English Statute of Anne, enacted in 1709, the first copyright law. The theme continued in the Copyright Acts of 1831, 1870, and 1909.

3. Likewise, § 203 of the Copyright Act of 1976 modified the Act of 1909 substantially but continued the "second chance" policy with full force. According to the Congressional Record, the purpose of the statute was to protect authors and their heirs from "the unequal bargaining position of authors" in dealing with unpublished works, because of "the impossibility of [an author] determining [his or her] work's prior value until it has been exploited." H.R. Rep. No. 94-1476, at 124 (1976). Section 203 provides that authors (a term that includes both songwriters and recording artists) may terminate grants of copyright ownership thirty-five (35) years after the initial grant, generally computed from the date of the publication of those

works subject to the grant.

4. But while the Copyright Act confers upon authors the valuable "second chance" that they so often need, the authors who have attempted to avail themselves of this important protection have encountered not only resistance from many record labels and music publishers, they have often been subjected to the stubborn and unfounded disregard of their rights under the law and, in many instances, willful copyright infringement.

## II
## JURISDICTION

5. This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, and more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*.

## III
## VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## IV
## PARTIES

7. Plaintiff PASCAL LANGUIRAND ("Languirand") is an individual residing in Mérida, Mexico.

8. Defendant W CHAPPELL MUSIC CORP. ("WCM") is a corporation duly organized and existing under the laws of the State of California, with its office located at 777 South Santa Fe Avenue, Los Angeles, California 90021. WCM does business under the tradename WC Music Corp.

9. Defendant UNIDISC MUSIC INC. ("Unidisc") is a corporation duly

organized and existing under the laws of the province of Quebec, Canada, with its office located at 57 B Hymus Boulevard, Point Claire QC H9R 4T2, in Quebec, Canada. Unidisc, which is a record label, does business under the tradename "Unitunes" in connection with the exploitation of music publishing interests that it purports to own.

10. At all times material times herein, that is, as of the effective date of Notice of Termination discussed below, WCM has acted as the United States agent and sub-publisher of Unidisc and Unitunes, that is, WCM is responsible for issuing licenses and collecting income, for Unitunes, in the United States. In addition to having a long-standing business relationship, and being represented by, a music publishing company in this district as its agent, Unidisc has also voluntarily availed itself of the jurisdiction of this court to prosecute copyright actions in this district.

11. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of those defendants, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner or capacity for the wrongful conduct alleged herein, and that plaintiff's losses and damages as alleged herein were proximately and/or directly caused by each such defendant's acts.

V

**FACTS COMMON TO ALL CLAIMS**

12. Languirand is a songwriter, and formed the musical group Trans-X in 1982 in Quebec, Canada. Shortly thereafter, Languirand wrote and composed a composition entitled "Vivre sur Video," which was later recorded and released in May 1983 in Canada in an English version, "Living on Video." Shortly after the release of "Living on Video," the recording became a hit in Canada, as well as the British and European charts. Later in 1983, Languirand wrote and composed another

single, "Message on the Radio." As used herein, the word "Compositions" shall refer to both "Living on Video" and "Message on the Radio."

13. In or about January 1983, Languirand entered into a music publishing arrangement with companies called New Image Music Publishing and Costa Demo Productions, also based in Quebec, Canada.

14. On March 15, 1984, New Image Music Publishing and Costa Demo Productions registered "Living on Video" in the United States Copyright Office (registration number PA0000208961), as well as "Message on the Radio" (registration number PA0000208960).

15. On July 11, 2016, Languirand served a Notice of Termination (the "Notice") upon New Image Music, care of Unitunes Music, based upon the then-current information on the then-current contact information for the current grantee of the Compositions, pursuant to the ASCAP database. A true and correct copy of the Notice is attached hereto as Exhibit A. Thereafter, Languirand caused the Notice to be recorded in the United States Copyright Office, which duly recorded the Notice on May 23, 2017, as Document No. V9935 D067 P1 through P3.

16. At the time Languirand caused the Notice to be served, Unitunes was acting as the administrator and/or the successor to New Image Music and Costa Demo Productions, or had acquired the assets of those companies by that time. At present, according to ASCAP, Unitunes is "claiming publishing for this work [sic] with WC Music as admin [sic] for original publisher NEW IMAGE MUSIC REG D [sic].

17. The effective date of termination for the Compositions was March 2, 2019, and, as of that date, Languirand became the owner of the United States copyright in and to the Compositions. Shortly thereafter, Languirand entered into an administration agreement with a music publisher called Blixa Music, which was and is a company affiliated with ASCAP. Pursuant to standard, post-termination instructions from Blixa Music, ASCAP removed the Compositions from the Unitunes

catalogue at or about that time, and Blixa Music became the administrator of the Compositions, and, for approximately two years, until June 2021, collected performance monies from ASCAP in due course, and mechanical royalties from other sources.

18. According to ASCAP, however, in June 2021, Unitunes decided that it would disregard the Notice, and claimed that it still owned the United States copyright in and to the Compositions. Blixa Music, as Languirand's administrator, did not learn of this sudden change of position until February 16, 2022, when ASCAP informed Blixa Music that Unitunes had, for reasons that ASCAP did not explain, made a "claim" to ownership of the two Compositions in June 2021. On February 18, 2022, Anna Spano of Unitunes wrote to ASCAP and informed that organization that "we maintain our claim as to the two works."

19. Immediately thereafter, on February 18, 2022, Evan S. Cohen, the proprietor of Blixa Music, wrote to Spano and reminded her that the effective date of termination was March 2, 2019, and asked her "What is the basis for your current claim to these works?" Spano failed and refused to respond to Cohen's email. The email to Spano also copied WCM, who also failed to respond. On July 18, 2022, Cohen wrote to WCM and to Spano of Unidisc and again asked "What is your basis for making this claim, for the two songs listed on the Notice?" Tim Meade, who is employed as the Vice President of Legal and Business Affairs at WCM, also failed and refused to explain the actions of his company or of Unitunes. As of the filing of this action, no answers have ever been given, and none appear to be forthcoming.

20. Despite having received the Notice, defendants have ignored the effective dates of termination and have willfully infringed the Compositions, beginning in or about June 2021, in that WCM and Unitunes have continued to exploit the Compositions in the United States after the effective termination date, via digital media, and in some cases physical phonorecords, with impunity, and are still exploiting the Compositions as of the filing of this suit.

# VI

# CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT

### (Against All Defendants)

21.   Plaintiffs reallege paragraphs 1 through 20, inclusive, as if fully set forth.

22.   As of March 2, 2019, Languirand is the exclusive owner of the United States copyright in and to the Compositions, and under § 106 of the Copyright Act, and Languirand, or his music publishing administrator, has the exclusive right to issue licenses and collect income from any and all exploitation of the Compositions in the United States, including, but not limited to, public performance royalties and mechanical royalties.

23.   Despite having full knowledge that the effective dates of termination have passed, defendants improperly asserted rights in the Compositions in or about June 2021, willfully and without any basis whatsoever, and continue to exploit the Compositions in complete and willful disregard of the law. The fact that both Unidisc and WCM refuse to provide any explanation for their actions, and refuse to discuss the matter in any fashion, provide additional support for a finding that the actions of these two defendants, and their personnel, are deliberate and willful.

24.   Pursuant to 17 U.S.C. § 504(b), Languirand is entitled to his actual damages, including defendants' gains and profits from infringement of the Compositions, as will be proven at trial. In the alternative, if Languirand so elects, pursuant to 17 U.S.C. § 504(c), Naked Eyes is entitled to recover up to $150,000 in statutory damages for each registered Composition infringed, for willful copyright infringement.

25.   Languirand is also entitled to recover his attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

26. Languirand reserves the right to amend this Complaint after full discovery has been completed to supplement this claim with additional infringed works and/or additional acts of infringement.

## VII

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment as follows:

1. Pursuant to § 504(b) of the Copyright Act, for all of WCM's and Unidisc's gains and profits attributable to the infringement, in an amount to be proven at trial; or, in the alternative, upon plaintiff's election, for statutory damages for willful copyright infringement against WCM, Unidisc, and other defendants, jointly and severally, in the amount of $150,000 for each of the two (2) registered works infringed, for a total of $300,000, and additional damages for all of the musical compositions infringed up to an including the date of trial, pursuant to § 504(c) of the Copyright Act;

2. For an accounting of all gains, profits, and advantages derived from defendants' acts of infringement and for other violations of law;

3. For a preliminary and permanent injunction enjoining and restraining WCM and Unidisc, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard of the Notice of Termination served by Languirand, to the extent that defendants base said grounds on the legal and factual issues that are adjudicated in this suit;

4. For costs of suit incurred herein;

5. For reasonable attorney's fees as part of the costs, pursuant to §505 of the Copyright Act; and

6. For such other and further relief as the court should deem just and proper.

BYRNES HIRSCH, P.C.

Dated: August 12, 2022         By:   /s/ Bridget B. Hirsch
                                      Bridget B. Hirsch

                                *Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

                                      BYRNES HIRSCH P.C.

Dated: August 12, 2022        By: */s/ Bridget B. Hirsch*
                                              Bridget B. Hirsch

                                      *Attorneys for Plaintiff*